Mr. Justice Nelson
delivered the opinion of the court:
This is a motion on the part of the appellee to dismiss the appeal from a decree in his favor in the Court of Claims. The motion is founded on the second section of an act passed 25th June, 1868, (15 U. S. Stat., p. 75,) as follows:
“That said Court of Claims, at any time while any suit or claim is pending before or on appeal from said court, or within two years next after the final ¡ disposition of any such suit or claim, may, on motion, on behalf of the United States,, grant a new trial on any such suit" or claim, and stay the payment of any judgment therein, when such evidence (although the same may be cumulative or other) as shall reasonably satisfy said court that any fraud, wrong, or injustice in the premises has been done to the United States; but until an order is made staying the payment of the judgment, the same shall be payable, and paid, as now provided by law.”
After the decree in favor of the claimant and an appeal taken by the Government from it to this court, and while pending here, the counsel for the Government has made a motion in the court below, under the above section, for a new trial on newly discovered evidence. It is insisted, on the part of the claimant, that the two proceedings — one the appeal, the other the motion for a new trial — are inconsistent, and not in accordance with a reasonable interpretation of the act; that the counsel must elect as to which of the two remedies he will adopt; and having, in this instance, elected to adopt the motion for a new trial, the appeal should be dismissed.
We shall not now undertake to give a construction of the several provisions of this section, which are new and anoma *154 lous, but shall leave that until eases of actual inconsistency or conflict may arise between the two modes of pleading. So far as the present question is concerned, there is ho great difficulty. The act expressly provides that the motion for a new trial may be made in the court below while the appeal from the judgment there is pending in this court. So far the section is clear; and, although it may be regarded as giving to the Government a considerable advantage in the litigation, the power to give it by Congress cannot, we suppose, be doubted.
Motion to dismiss the appeal must be denied.
On the second motion to dismiss the appeal, made after the motion for a new trial in the Court of Claims had been allowed—
Mr. Justice Nelsow delivered the following opinion of the court:
The case stands thus: The petitioner has obtained a judgment in the court below against the Government, from which •an appeal has been taken, and is pending in this court. Anew trial has since been granted by the court below, and the payment of the judgment stayed. The act of Congress furnishes no solution to this anomaly.
We are of opinion the granting of the motion to dismiss the appeal, on the ground that the court has granted a new trial in the cause under the act of Congress, will furnish the best solution of the embarrassments in which the parties find themselves involved. It is quite apparent that the counsel for the Government is desirous to retain the appeal, notwithstanding the order for a new trial, under an impression that for some unknown or unanticipated omission in the proceedings in the court below, the new trial might fall through, and never take place •, and, for the like reason, the counsel for the petitioner •desires to have the appeal terminated, so as not to be available to his adversary. But it is quite clear that the order granting a new trial has the effect of re-arresting the' former judgment, and to render it null and void, and the parties are left in the same situation as if no trial had ever taken place in the cause. This is the legal effect of the new trial by a court competent to grant it. There is no reason, therefore, for continuing any longer the case on our docket. The motion to dismiss the appeal is granted.